IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION


EVANS CABINET CORPORATION

Plaintiff

VS.                                                    CIVIL ACTION FILE NO.

KITCHEN INTERNATIONAL, INC.

Defendant.

## NOTICE OF REMOVAL OF EVANS CABINET CORPORATION v. KITCHEN INTERNATIONAL, INC., SUPERIOR COURT OF LAURENS COUNTY GEORGIA, CIVIL ACTION NO. 2009-06-1120

---

COMES NOW, KITCHEN INTERNATIONAL, INC., the Defendant in

the above captioned action, and, pursuant to 28 U.S.C. §§

1446(a) and 1446(b) files this NOTICE OF REMOVAL.

### APPLICABLE STATUTES

In this case jurisdiction is founded on 28 U.S.C. § 1332,

based upon the allegations found in the State Court Complaint,

which the Defendant removes to this Court.  In relevant part the

statute provides as follows:

> (a) The district courts shall have original
> jurisdiction of all civil actions where the matter in
> controversy exceeds the sum or value of $ 75,000,
> exclusive of interest and costs, and is between--
>      (1) Citizens of different States;
>      (2) Citizens of a State and citizens or subjects of
> a foreign state;
>      (3) Citizens of different States and in which
> citizens or subjects of a foreign state are additional
> parties; and
>      (4) a foreign state, defined in section 1603(a) of

1

this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States.

As relevant here 28 U.S.C. §§ 1446(a) and (b) provide as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

## DISCUSSION

On February 22, 2010, Ms. Janet M. Shiell, President of Kitchen International, Inc., received a packet of documents from the law firm of McKenna, Long & Aldrich, LLP. Included in the packet was a copy of a pleading filed in the Superior Court of Laurens County Georgia, Civil Action No. 2009-06-1120, bearing the heading Motion for Entry of Default Judgment and Incorporated Memorandum of Law in Support, herein referred to as

Motion for Entry of Default. As set out in the Motion for Entry of Default the pleading was filed with the Superior Court on February 12, 2010. As set out in the Certificate of Service that accompanied Motion for Entry of Default, service by mail was also undertaken on February 12, 2010.

According to the Certificate of Service two addresses were used to mail the Motion for Entry of Default to Kitchen International, Inc. One address was as follows: Kitchen International, Inc., Suite 600, 5455 De Gaspe, Montreal, Quebec H2T 3B3. This address is incorrect. In fact the correct address is Kitchen International, Inc., Suite 620, 5455 De Gaspe, Montreal, Quebec H2T 3B3. On February 22, 2010 Ms. Shiell found the incorrectly addressed packet of documents from McKenna, Long & Aldrich, LLP stuffed under the door of her company's office, Suite 620 rather than Suite 600.

The packet of documents included a copy of the Complaint filed in the Superior Court of Laurens County Georgia, Civil Action No. 2009-06-1120. The copy of the Complaint was stamped DUPLICATE. The Complaint avers that the parties are citizens of different states. Complaint ¶¶ 1 and 2. The Complaint seeks in excess of $284,378.81 in damages. Complaint ¶¶ 18 and 21. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The Duplicate Complaint was not accompanied by a copy of a Certificate of Service for the Complaint. According to a

document captioned Affidavit of Attempted Service, which was also included in the packet of documents from McKenna, Long & Aldrich, LLP. The Complaint could not be served in Louisiana on either Kitchen International, Inc. or its registered agent.

Also included in the packet of documents was a copy of a letter to Mr. J. Randolph Evans of the law firm of McKenna, Long & Aldrich, LLP, from the Louisiana Secretary of State to dated February 4, 2010, advising him that a letter sent to Kitchen International, Inc., Suite 600, 5455 De Gaspe, Montreal, Quebec H2T 3B3 had been returned to the Office of the Secretary of State on November 29, 2009, with the notation "REFUSED" stamped on the envelope. According to the letter from the Louisiana Secretary of State the referenced mailing contained certain pleadings in the Superior Court of Laurens County Georgia, Civil Action No. 2009-06-1120.

As set out in the Certificate of Service that accompanied the Motion for Entry of Default, the other address selected to mail the pleading to Kitchen International, Inc. was Kitchen International, Inc. c/o State of Louisiana, Secretary of State P.O. Box 94125, Baton Rouge, Louisiana 70809.

February 22, 2010, was the first date of receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

4

such action or proceeding is based.    This notice of removal is timely.

The boundaries of the removal jurisdiction of the federal courts are determined by federal laws, not state laws and procedures.    The critical moment under 28 U.S.C. § 1446(b) is when a defendant *receives* the initial pleadings.    The application of this rule was discussed as follows in *Hughes Const. Co., Inc. v. Rheem Mfg. Co.,* 487 F.Supp. 345 (D.C.Miss. 1980):

> Specifically, plaintiff points out that the defendant Donald W. Proulx failed to join the petition.    The record reveals that statutory service of process was made upon the defendant through the Office of the Secretary of State of Mississippi, but that the correspondence sent to the defendant by registered mail was returned unclaimed.    While it may be true that the statutory service of process may be deemed completed under state law, it is also true that state law does not control for purposes of removal.    Under 28 U.S.C. s 1446(b), the time for seeking removal begins to run only when the defendant actually receives a copy of the initial pleading.    See, e. g., *Barber v. Willis,* 246 F.Supp. 814 (N.D.Ga. 1965) See also 14 Wright, Miller & Cooper, Federal Practice & Procedure s 3732 at 723.    Since the time for removal has not yet begun to run as to this particular defendant, it is clear that this failure to join in the petition does not defeat removal jurisdiction. *Id.* at 348n2

Likewise, in *Betts v. Larsen Intermodal Services, Inc.,* 2006 WL 1748600 (S.D.Ala. 2006) the District Court observed as follows:

*Murphy Brothers* (v. *Michetti Pipe Stringing, Inc.* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)) held that a named defendant's 30-day period to remove an action from state court 'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.' *Id. at 348, 119 S .Ct. at 1325.* WL 1748603

Here, the Defendant first received the Complaint in this case on February 22, 2010. As of this date the Defendant has received the Complaint unattended by any formal service. Likewise, the Defendant in this case first received the Plaintiff's Motion for Entry of Default on February 22, 2010. The Defendant's Notice of removal is timely.

Respectfully submitted this 24th day of February, 2010.

_____
Luman C. Earle
Georgia State Bar No.237150

and

_____
Janis L. Rosser
Georgia State Bar No. 615250
Attorneys for Defendant Kitchen International, Inc.


Luman C. Earle
Attorney at Law
1101 Hillcrest Prkwy.
Suite K-1
Dublin, Georgia 31021
Telephone:      478-275-1518
Facsimile:      478-272-3232

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION


EVANS CABINET CORPORATION

Plaintiff

VS.                                                    CIVIL ACTION FILE NO.

KITCHEN INTERNATIONAL, INC.

Defendant.


## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing **NOTICE OF REMOVAL OF EVANS CABINET CORPORATION v. KITCHEN INTERNATIONAL, INC., SUPERIOR COURT OF LAURENS COUNTY GEORGIA, CIVIL ACTION NO. 2009-06-1120** to be served upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid and addressed to counsel of record for the Plaintiff as follows:

J. Randolph Evans
and
P. Michael Freed
McKenna, Long & Aldrich, LLP
303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308

This 24th day of February, 2010.

_____
Luman C. Earle
Georgia State Bar No.237150


7

and

_Janis L. Rosser By_ _____

Janis L. Rosser

Georgia State Bar No. 615250

Attorneys for Defendant Kitchen International, Inc.

Luman C. Earle
Attorney at Law
1101 Hillcrest Prkwy.
Suite K-1
Dublin, Georgia 31021
Telephone:        478-275-1518
Facsimile:        478-272-3232