## IN THE SUPERIOR COURT OF LAURENS COUNTY
## STATE OF GEORGIA

EVANS CABINET CORPORATION,          )
                                    )
            Plaintiff,              )
                                    )        CIVIL ACTION FILE NO.
v.                                  )
                                    )        2009-CG-1120
KITCHEN INTERNATIONAL, INC.,        )
                                    )
            Defendant.              )

### SUMMONS

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> J. Randolph Evans, Esq.
> Charles K. Reed, Esq.
> P. Michael Freed
> McKenna Long & Aldridge LLP
> 303 Peachtree Street, N.E.
> Suite 5300
> Atlanta, GA 30308

an answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 21st day of August, 2009.

Clerk of Superior Court of Laurens County

By: _____
     Deputy Clerk

ORIGINAL

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

EVANS CABINET CORPORATION, :
:
      Plaintiff, :
:
vs. :     CIVIL ACTION NO. 2009-CG-1120
:
KITCHEN INTERNATIONAL, INC., :
:
      Defendant. :
:

## COMPLAINT

    Plaintiff Evans Cabinet Corporation ("Plaintiff"), by and through its undersigned counsel,

brings this Complaint against Defendant Kitchen International, Inc. ("Defendant") for breach of

contract, and unjust enrichment, and shows the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

    1.    Plaintiff is a corporation organized under the laws of the State of Georgia, with its

principal place of business at 1321 North Franklin Street, Dublin, Georgia.

    2.    Defendant is a corporation organized under the laws of the State of Louisiana,

with its principal place of business at 1937 Veterans Boulevard, Suite 411, Metairie, Louisiana.

Defendant transacts business in the State of Georgia.  Defendant may be served with process

through its registered agent, William Shiell, IV, 1937 Veterans Memorial Blvd., Suite 411,

Metairie, Louisiana.

    3.    Defendant is subject to personal jurisdiction in this Court because it transacts

business in the State of Georgia.

    4.    Venue is proper in this Court because a substantial part of Defendant's business in

Georgia was transacted in this County.

## FACTS

5.      Plaintiff is a manufacturer and wholesaler of custom-built cabinetry. Plaintiff's plant and offices are located in Dublin, Georgia.

6.      Defendant is a distributor and supplier of kitchen cabinetry, usually as a subcontractor to various construction projects throughout the United States.

7.      Plaintiff and Defendant entered into a contract pursuant to which Plaintiff agreed to manufacture and provide the Defendant cabinetry and/or other materials for installation in a series of residential construction projects.

8.      In exchange, Defendant agreed to pay Plaintiff for the cabinetry and materials provided.

9.      Pursuant to the Contract, Defendant received cabinetry and materials from Plaintiff and installed them as part of several residential construction projects.

10.     In breach of the Contract, Defendant has not remitted payment to Plaintiff for the cabinetry and materials provided.

11.     In total, Defendant has failed to pay Plaintiff $284,378.81 in consideration for the cabinetry and materials provided by Plaintiff.

### COUNT I – BREACH OF CONTRACT

12.     Plaintiff incorporates Paragraphs 1 through 11 as if fully set forth herein.

13.     Defendant was contractually obligated to pay Plaintiff for the cabinetry and materials Plaintiff provided.

14.     The Contract is valid and enforceable.

15.     Plaintiff has fully performed its obligations under the Contract.

2

16.     Defendant has breached its contractual obligation by failing to remit payments to Plaintiff for cabinetry and materials provided in the amount of $284,378.81.

17.     Defendant's breach has caused Plaintiff to incur damages in the amount of $284,378.81.

18.     Wherefore, Plaintiff prays for a judgment against Defendant for breach of contract in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

19.     Plaintiff incorporates Paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant has profited and unjustly enriched itself at Plaintiff's expense, and Plaintiff is entitled to a judgment against Defendant for monies owed to Plaintiff in the amount of $284,378.81.

21.     Wherefore, Plaintiff prays for a judgment against Defendant for unjust enrichment in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

WHEREFORE, Plaintiff Evans Cabinet Corporation respectfully prays for:

(a)     damages in the amount of $284,378.81, plus interest;

(b)     a trial by jury on all issues so triable; and

(c)     such other and further relief as the Court may deem just and proper under the circumstances.

This _20th_ day of _August_, 2009.

3

J. Randolph Evans
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed
Georgia Bar No. 061128
mfreed@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, GA 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

4



## IN THE SUPERIOR COURT OF LAURENS COUNTY

### STATE OF GEORGIA

EVANS CABINET CORPORATION,      :
                                :
          Plaintiff,            :
                                :
vs.                             :      CIVIL ACTION NO. 2009CV1120
                                :
KITCHEN INTERNATIONAL, INC.,    :
                                :
          Defendant.            :
_____:

### PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

COMES NOW Plaintiff Evans Cabinet Corporation, and moves pursuant to O.C.G.A. § 9-11-4(c) for an order appointing Chris Wattigney of Due Process to serve Defendant Kitchen International, Inc. personally with copy of the Summons and Complaint in this action. As grounds therefore, Plaintiff shows that prompt service upon Defendant is important, that Defendant resides in Louisiana, and that Chris Wattigney is a citizen of the United States over 21 years of age, who have experience locating persons to be served and in serving process, and is not an interested party in the above-entitled action.

WHEREFORE, Plaintiff prays that this motion be granted and that Chris Wattigney be appointed to serve process on Defendant, and that Plaintiff have such other and further relief as is just and proper.

This 4th day of September, 2009.

J. Randolph Evans
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed
Georgia Bar No. 597597
creed@mckennalong.com

Filed in office this 8th
day of Sept , 20 09

Deputy Clerk

P. Michael Freed
Georgia Bar No. 061128
mfreed@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, GA 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C

INGHE FRANCOIS
(404) 527-4185

EMAIL ADDRESS
ifrancois@mckennalong.com

September 3, 2009

**VIA UPS**

Tanya Rogers, Clerk
Superior Court of Laurens County
101 North Jefferson Street
Room 106
Dublin, Georgia 31021

> Re: *Evans Cabinet Corporation v. Kitchen International, Inc.*
> Superior Court of Laurens County, Civil Action File No. 2009CV1120

Dear Ms. Rogers:

It was a pleasure speaking with you. Per your instructions, enclosed please find:

(1) Plaintiff's Motion for Special Appointment of Process Server; and

(2) An Order appointing the Process Server.

After Judge Smith signs the enclosed Order, please file both with the Court and return duplicate stamped copies of the Order and Plaintiff's Motion for Special Appointment of Process Server in the stamped, self-addressed envelope which is enclosed for your convenience.

Thanking you in advance for your cooperation.

Very truly yours,

Inghe Francois
Paralegal

IF:tjh

Enclosures

ATLANTA:5167845.1

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

EVANS CABINET CORPORATION,    :
    :
        Plaintiff,    :
    :
vs.    :    CIVIL ACTION NO. 2009CV1120
    :
KITCHEN INTERNATIONAL, INC.,    :
    :
        Defendant.    :
    :

## ORDER

Plaintiff's motion for special appointment of process server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4 (c) and should be made,

IT IS HEREBY ORDERED that Chris Wattigney, citizen of the United States, is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action, on Defendant Kitchen International, Inc., and to make, and file a proof of service as required by law.

SO ORDERED this 9th day of September, 2009.

Judge, Superior Court of Laurens County

Filed in office this 10th day of Sept, 2009

Deputy Clerk

ORIGINAL

## IN THE SUPERIOR COURT OF LAURENS COUNTY
### STATE OF GEORGIA

EVANS CABINET CORPORATION,   )
                            )
        **Plaintiff,**        )
                            )    **CIVIL ACTION FILE NO. 2009CV1120**
**v.**                           )
                            )
KITCHEN INTERNATIONAL, INC.,   )
                            )
        **Defendant.**      )

### AFFIDAVIT OF ATTEMPTED SERVICE

Personally appeared before me, an officer duly qualified to administer oaths, CHRIS WATTIGNEY, who is an agent of Due Process, after being duly sworn, states the following:

1.

Affiant states that (s)he is over 18 years of age, a Citizen of the United States, and not related to the parties herein.  The statements made in the affidavit are true and correct and are based upon my personal knowledge.  A copy of the Order authorizing me to serve process in Laurens County, Louisiana is attached hereto (see Exhibit "A")

2.

I personally attempted to serve KITCHEN INTERNATIONAL, INC. through it's Registered Agent, William Shiell, IV, with a Summons and Complaint at said person's listed address from the Louisiana Secretary of State's website of 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005 on the _15_ day of September, 2009 at ___2___ o'clock a.m./p.m.

3.

Upon arrival, I learned that the above address is merely a Post Office box.

4.

Filed in office this
____ day of _____, 20__
Georgia Jeffcoat
Deputy Clerk

KITCHEN INTERNATIONAL, INC. has no office or maintains no presence at 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005.

5.

KITCHEN INTERNATIONAL, INC.'s Registered Agent, William Shiell, IV, cannot be found at 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005.

6.

I am unaware of any other location within the State of Louisiana where KITCHEN INTERNATIONAL, INC. or its agents may be found and served with process.

7.

After a diligent effort, I am unable to serve KITCHEN INTERNATIONAL, INC. through its Registered Agent, or through any other agent of the company.

This the 30 day of September, 2009.

_____
Affiant

Sworn to and subscribed before me
this 14th day of September, 2009.

_____
Notary Public

OFFICIAL SEAL
KIM J. LORD
NOTARY PUBLIC NO. 59521
STATE OF LOUISIANA
PARISH OF JEFFERSON
My Commission is for Life



# AFFIDAVIT OF Corporate SERVICE

CASE NUMBER: 2009-CG-1120

Evans Cabinet Corporation          Vs.          Kitchen International, Inc.

Plaintiff(s),                                        Defendant(s).

Date received: 11-13-09

I, the undersigned, declare that I served the Summons and Complaint _____ in the above styled case. Service was Personal to Amy McPherson - Legal Asst for Secretary of State for Kitchen International, Inc. on 11-16-09 at 1 AM/PM at the address of 8585 Archives Ave. Baton Rouge LA 70809

Subpoena was mailed thereafter on N/A

A description of Amy McPherson is as follows:

Age: 30        Sex: Female        Race: White        Height: 5'6"
Weight: 130    Hair: Blonde       Build: Small       Eyes: Blue
Other: Pregnant

I, Eric Douro_ , special process server, declare that the above is true and correct.

Signature          ERIC Douret          11-16-09
                   Print                Date

P.O. Box 231131 New Orleans, LA 70123

Sworn to and subscribed before me
This 17 day of November 2009

Notary Public

OFFICIAL SEAL
KIM J. LORD
NOTARY PUBLIC NO. 59521
STATE OF LOUISIANA
PARISH OF JEFFERSON
My Commission is for Life

23 Novber 20 09

Deputy Clerk

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

# McKenna Long
# & Aldridge<sub>LLP</sub>

Attorneys at Law

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

INGHE FRANCOIS
(404) 527-4185

EMAIL ADDRESS
ifrancois@mckennalong.com

November 19, 2009

Clerk of Court
Superior Court of Laurens County
101 North Jefferson Street
Room 106
Dublin, Georgia 31021

Re:   ***Evans Cabinet Corporation v. Kitchen International, Inc.***
      **Superior Court of Laurens County, Civil Action File No. 2009CV1120**

Dear Sir/Madam:

Enclosed please find one original and one copy of an Affidavit of Service upon the Secretary of State, for service onto Kitchen International, Inc.  Please file the original and return the file- stamped copy in the enclosed self addressed stamped envelope.

If you have any questions regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

Inghe Francois
Paralegal

IF:if

cc:   P. Michael Freed, Esq.
ATLANTA:5188402.1



# IN THE SUPERIOR COURT OF LAURENS COUNTY
## STATE OF GEORGIA

EVANS CABINET CORPORATION

      Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

      Defendant.

Civil Action File No. 2009CV1120

Filed in office this 18 day of Feb 20 10

_____
Deputy Clerk

## MOTION FOR ENTRY OF DEFAULT JUDGMENT
## AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Pursuant to O.C.G.A. § 9-11-55(a), Plaintiff Evans Cabinet Corporation ("Plaintiff") respectfully moves the Court to enter the proposed Default Judgment attached hereto as Exhibit "A" as to liquidated damages to which the Plaintiff is entitled. The grounds for this Motion are set forth more fully below.

1.      The Plaintiff filed its complaint against Kitchen International, Inc. ("Defendant") in this Court on August 24, 2009. See Complaint, attached hereto and incorporated herein as Exhibit "B." Defendant is a Louisiana corporation with its principal place of business in Louisiana. Defendant transacts business in the State of Georgia and is, therefore, subject to personal jurisdiction in this Court. See O.C.G.A. § 9-10-91.

2.      Defendant has no place of business in Georgia, is not registered with the Georgia Secretary of State, and maintains no registered agent in the State of Georgia.

3.      On September 9, 2009, this Court issued an order appointing a special process server to serve the Defendant with a copy of the Summons and Complaint.

4.      On September 15, 2009, Plaintiff, through its process server, attempted to personally serve the Summons and Complaint on Defendant's registered agent, William Shiell,

IV at the address listed for him by the Louisiana Secretary of State: 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005. See Affidavit of Attempted Service, attached hereto and incorporated herein as Exhibit "C." Upon arrival at the listed address, Plaintiff's process server learned that the listed address is merely a post office box, and that Defendant has no office or maintains no presence at the listed address. See Exhibit "C." Accordingly, Defendant's registered agent, William Shiell, IV, could not be found at that address. See Exhibit "C."

5.     Plaintiff has put forth a diligent effort to personally serve Defendant through its registered agent pursuant to the information Defendant has filed with the Louisiana Secretary of State.

6.     The Georgia Long-Arm Statute provides that a defendant subject to personal jurisdiction under the Statute "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." O.C.G.A. § 9-10-94. Both Georgia and Louisiana law allow for service of process to be made upon their respective Secretaries of State. The Louisiana Code of Civil Procedure Article 1262 states:

> If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

See also O.C.G.A. § 9-11-4(e)(1)

7.     On November 16, 2009, Plaintiff's process server served a copy of the Summons and Complaint upon the Louisiana Secretary of State. See Affidavit of Corporate Service,

- 2 -

attached hereto and incorporated herein as Exhibit "D." On November 24, 2009, the Louisiana Secretary of State's office acknowledged receipt of such service. See Acknowledgment of Service, attached hereto and incorporated herein as Exhibits "E" and "F".

8.      Defendant's answer was due to be filed on or before December 16, 2009, 30 days after service upon the Louisiana Secretary of State.  Defendants have failed to answer or otherwise respond to Plaintiff's Complaint.

9.      Pursuant to O.C.G.A. § 9-11-55(a), the case automatically became in default upon the Defendant's failure to answer or otherwise respond to Plaintiff's Complaint.

10.     Pursuant to Georgia law, Defendants had 15 days after default to open the default as a matter of right. See O.C.G.A. § 9-11-55(a).

11.     Defendant failed to move to open the default as a matter of right within the 15 day period provided by statute. This case, therefore, is still in default.

12.     Pursuant to O.C.G.A. § 9-11-55(a), "[i]f the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury. . ."

13.     Plaintiff's Complaint sounds in contract, and its damages are liquidated.  The Plaintiff's complaint, which is conclusive as to liability, shows that Defendant breached its contract with the Plaintiff for the purchase of cabinetry and other materials for installation in residential construction projects (the "Contract").  See Exhibit "B."  Defendant breached the Contract by failing to pay consideration for the cabinetry and materials provided in the total amount of $284,378.81.

- 3 -

14.    Entry of judgment for the Plaintiff's liquidated contract damages is appropriate without an evidentiary hearing.

15.    The Plaintiff, therefore, respectfully requests that the Court immediately enter the attached Default Judgment in the amount of $284,378.81 plus interest against Defendant, a figure which represents the liquidated damages to which the Plaintiff is now entitled.

16.    The Plaintiff further requests that the Court find, pursuant to O.C.G.A. § 9-11-54(b), that there is no just reason for delay of entry of judgment in this amount, and that the Court immediately enter a final judgment in favor of the Plaintiff for its liquidated damages plus interest, together with the costs of this action.

WHEREFORE, the Plaintiff requests that this Motion be granted, that the Court immediately enter the proposed Default Judgment, and that the Court order the entry of a final judgment with respect to the Plaintiff's liquidated damages in the amount of $284,378.81 plus interest, together with the costs of this action.

Respectfully submitted this 12ᵗʰ day of February, 2010.

[Signature block on following page]

- 4 -

J. Randolph Evans, Esq.
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed, Esq.
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed, Esq.
Georgia Bar No. 061128
mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone:  (404) 527-4000
Fax:  (404) 527-4198

*Attorneys for Plaintiff Evans Cabinet Corp.*

– 5 –

## IN THE SUPERIOR COURT OF LAURENS COUNTY
## STATE OF GEORGIA

EVANS CABINET CORPORATION

       Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

       Defendant.

Civil Action File No. 2009CV1120

### CERTIFICATE PURSUANT TO UNIFORM SUPERIOR COURT RULE 15

The undersigned attorney for Plaintiff Evans Cabinet Corporation hereby certifies that service of the summons and verified complaint in the above-styled action was effected by substitute service on the Louisiana Secretary of State on November 16, 2009, as shown by the Affidavit of Corporate Service filed with the Court on November 23, 2009, and attached to Plaintiff's Motion as Exhibit D. The undersigned further certifies that there has been no defensive pleading filed in response by Defendant Kitchen International, Inc.

This 12ᵗ day of February, 2010.

P. Michael Freed, Esq.
Georgia Bar No. 061128
mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

*Attorney for Plaintiff Evans Cabinet Corp.*

## IN THE SUPERIOR COURT OF LAURENS COUNTY
## STATE OF GEORGIA

EVANS CABINET CORPORATION

      Plaintiff,

vs.                                                                 Civil Action File No. 2009CV1120

KITCHEN INTERNATIONAL, INC.,

      Defendant.

### CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing Motion and Brief for

Entry of Default Judgment by registered mail to the following:

               Kitchen International, Inc.
               c/o State of Louisiana, Secretary of State
               P.O. Box 94125
               Baton Rouge, LA  70809

               Kitchen International, Inc.
               Suite 600
               5455 De Gaspe
               Montreal, Quebec H2T 3B3

This _12th_ day February, 2010.

                                       P. Michael Freed, Esq.
                                       Georgia Bar No. 061128
                                       mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

*Attorney for Plaintiff Evans Cabinet Corp.*

## IN THE SUPERIOR COURT OF LAURENS COUNTY
### STATE OF GEORGIA

EVANS CABINET CORPORATION

        Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

        Defendant.

Civil Action File No. 2009CV1120

## DEFAULT JUDGMENT AS TO LIQUIDATED CONTRACT DAMAGES

Plaintiff Evans Cabinet Corporation ("Plaintiff"), having requested entry of default judgment, the Court finds as follows. Defendant Kitchen International, Inc. ("Defendant") was duly served with the summons and complaint in this action on November 16, 2009. Defendant failed to file an answer or other responsive pleading by December 16, 2009 as required by law, and this action automatically became in default on December 16, 2009. Defendant did not open the default as a matter of right within fifteen (15) days of the day of default. The complaint in this action alleges claims for liquidated damages plus interest. The Plaintiff's counsel attached to the proposed default judgment the certificate required by Uniform Superior Court Rule 15. By virtue of the foregoing, and pursuant to O.C.G.A. § 9-11-55(a), the Plaintiff is entitled to judgment by default, "as if every item and paragraph of the complaint . . . were supported by proper evidence . . . ."

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered immediately, and is hereby entered, in favor of the Plaintiff and against Defendant with respect to the Plaintiff's liquidated contract damages in the amount of $284,378.81 plus interest, together with the costs of this action. Pursuant to O.C.G.A. § 9-11-54(b), the Court finds that there is no just

reason for delay of entry of judgment in this amount.  Entry of final judgment in accordance herewith is hereby ordered.

IT IS SO ORDERED this _____ day of February, 2010.


_____
Judge, Superior Court of Laurens County

IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

EVANS CABINET CORPORATION

     Plaintiff,

vs.

Civil Action File No. 2009CV1120

KITCHEN INTERNATIONAL, INC.,

     Defendant.

## DEFAULT JUDGMENT AS TO LIQUIDATED CONTRACT DAMAGES

Plaintiff Evans Cabinet Corporation ("Plaintiff") having requested entry of default judgment, the Court finds as follows.  Defendant Kitchen International, Inc. ("Defendant") was duly served with the summons and complaint in this action on November 13, 2009.  Defendant failed to file an answer or other responsive pleading by December 14, 2009 as required by law, and this action automatically became in default on December 14, 2009.  Defendant did not open the default as a matter of right within fifteen days of the day of default.  The complaint in this action alleges claims for liquidated damages plus interest.  The Plaintiff's counsel attached to the proposed default judgment the certificate required by Uniform Superior Court Rule 15.  By virtue of the foregoing, and pursuant to O.C.G.A. § 9-11-55(a), the Plaintiff is entitled to judgment by default, "as if every item and paragraph of the complaint . . . were supported by proper evidence . . . ."

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered immediately, and is hereby entered, in favor of the Plaintiff and against Defendant with respect to the Plaintiff's liquidated contract damages, and that the Plaintiff have and recover from Defendant on the Plaintiff's contract claim the sum of $284,378.81 plus interest, together with the costs of

this action.  Pursuant to O.C.G.A. § 9-11-54(b), the Court finds that there is no just reason for

delay of entry of judgment in this amount.  Entry of final judgment in accordance herewith is

hereby ordered.

  IT IS SO ORDERED this _____ day of January, 2010.


               _____

               Judge, Superior Court of Laurens County

## IN THE SUPERIOR COURT OF LAURENS COUNTY
### STATE OF GEORGIA

EVANS CABINET CORPORATION

      Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

      Defendant.

Civil Action File No. 2009CV1120

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Motion and Brief for

Entry of Default Judgment by registered mail to the following:

> Kitchen International, Inc.
> c/o State of Louisiana, Secretary of State
> P.O. Box 94125
> Baton Rouge, LA 70809

This _____ day of January, 2010.


              P. Michael Freed, Esq.
              Georgia Bar No. 061128
              mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

              *Attorneys for Plaintiff Evans Cabinet Corp.*

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

EVANS CABINET CORPORATION,      :
                                :
            Plaintiff,          :
                                :
vs.                             :          CIVIL ACTION NO. 2009-C6-1120
                                :
KITCHEN INTERNATIONAL, INC.,    :
                                :
            Defendant.          :
_____:

## COMPLAINT

Plaintiff Evans Cabinet Corporation ("Plaintiff"), by and through its undersigned counsel,

brings this Complaint against Defendant Kitchen International, Inc. ("Defendant") for breach of

contract, and unjust enrichment, and shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a corporation organized under the laws of the State of Georgia, with its

principal place of business at 1321 North Franklin Street, Dublin, Georgia.

2.      Defendant is a corporation organized under the laws of the State of Louisiana,

with its principal place of business at 1937 Veterans Boulevard, Suite 411, Metairie, Louisiana.

Defendant transacts business in the State of Georgia. Defendant may be served with process

through its registered agent, William Shiell, IV, 1937 Veterans Memorial Blvd., Suite 411,

Metairie, Louisiana.

3.      Defendant is subject to personal jurisdiction in this Court because it transacts

business in the State of Georgia.

4.      Venue is proper in this Court because a substantial part of Defendant's business in

Georgia was transacted in this County.

## FACTS

5.      Plaintiff is a manufacturer and wholesaler of custom-built cabinetry. Plaintiff's plant and offices are located in Dublin, Georgia.

6.      Defendant is a distributor and supplier of kitchen cabinetry, usually as a subcontractor to various construction projects throughout the United States.

7.      Plaintiff and Defendant entered into a contract pursuant to which Plaintiff agreed to manufacture and provide the Defendant cabinetry and/or other materials for installation in a series of residential construction projects.

8.      In exchange, Defendant agreed to pay Plaintiff for the cabinetry and materials provided.

9.      Pursuant to the Contract, Defendant received cabinetry and materials from Plaintiff and installed them as part of several residential construction projects.

10.     In breach of the Contract, Defendant has not remitted payment to Plaintiff for the cabinetry and materials provided.

11.     In total, Defendant has failed to pay Plaintiff $284,378.81 in consideration for the cabinetry and materials provided by Plaintiff.

## COUNT I – BREACH OF CONTRACT

12.     Plaintiff incorporates Paragraphs 1 through 11 as if fully set forth herein.

13.     Defendant was contractually obligated to pay Plaintiff for the cabinetry and materials Plaintiff provided.

14.     The Contract is valid and enforceable.

15.     Plaintiff has fully performed its obligations under the Contract.

2

16.    Defendant has breached its contractual obligation by failing to remit payments to Plaintiff for cabinetry and materials provided in the amount of $284,378.81.

17.    Defendant's breach has caused Plaintiff to incur damages in the amount of $284,378.81.

18.    Wherefore, Plaintiff prays for a judgment against Defendant for breach of contract in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

19.    Plaintiff incorporates Paragraphs 1 through 18 as if fully set forth herein.

20.    Defendant has profited and unjustly enriched itself at Plaintiff's expense, and Plaintiff is entitled to a judgment against Defendant for monies owed to Plaintiff in the amount of $284,378.81.

21.    Wherefore, Plaintiff prays for a judgment against Defendant for unjust enrichment in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.


WHEREFORE, Plaintiff Evans Cabinet Corporation respectfully prays for:

(a)    damages in the amount of $284,378.81, plus interest;

(b)    a trial by jury on all issues so triable; and

(c)    such other and further relief as the Court may deem just and proper under the circumstances.

This 20th day of August, 2009.



3

J. Randolph Evans
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed
Georgia Bar No. 061128
mfreed@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, GA 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

4

IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

EVANS CABINET CORPORATION,            )
                                      )
            Plaintiff,                )
                                      )        CIVIL ACTION FILE NO. 2009CV1120
v.                                    )
                                      )
KITCHEN INTERNATIONAL, INC.,          )
                                      )
            Defendant.                )

### AFFIDAVIT OF ATTEMPTED SERVICE

Personally appeared before me, an officer duly qualified to administer oaths, CHRIS

WATTIGNEY, who is an agent of Due Process, after being duly sworn, states the following:

1.

Affiant states that (s)he is over 18 years of age, a Citizen of the United States, and not related

to the parties herein.  The statements made in the affidavit are true and correct and are based upon

my personal knowledge.  A copy of the Order authorizing me to serve process in Laurens County,

Louisiana is attached hereto (see Exhibit "A")

2.

I personally attempted to serve KITCHEN INTERNATIONAL, INC. through it's Registered

Agent, William Shiell, IV, with a Summons and Complaint at said person's listed address from the

Louisiana Secretary of State's website of 1937 Veterans Memorial Boulevard, Metairie, Louisiana,

70005 on the _15_ day of September, 2009 at _2_ o'clock a.m./p.m.

3.

Upon arrival, I learned that the above address is merely a Post Office box.

4.

KITCHEN INTERNATIONAL, INC. has no office or maintains no presence at 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005.

5.

KITCHEN INTERNATIONAL, INC.'s Registered Agent, William Shiell, IV, cannot be found at 1937 Veterans Memorial Boulevard, Metairie, Louisiana, 70005.

6.

I am unaware of any other location within the State of Louisiana where KITCHEN INTERNATIONAL, INC. or its agents may be found and served with process.

7.

After a diligent effort, I am unable to serve KITCHEN INTERNATIONAL, INC. through its Registered Agent, or through any other agent of the company.

This the 30 day of September, 2009.

_____
Affiant

Sworn to and subscribed before me
this 14th day of October, 2009.

_____
Notary Public

OFFICIAL SEAL
KIM J. LORD
NOTARY PUBLIC NO. 59521
STATE OF LOUISIANA
PARISH OF JEFFERSON
My Commission is for Life

# AFFIDAVIT OF _Corporate_ SERVICE

CASE NUMBER: 2009 CV 1120

Evans Cabinet
Corporation                    Vs.        Kitchen International,
                                          Inc.

Plaintiff(s),                             Defendant(s).

Date received: 11-13-09

I, the undersigned, declare that I served the Summons and Complaint

in the above styled case. Service was

Personal         to Amy McPherson – Legal Asst for Secretary
of State     for Kitchen International, Inc.     on 11-16-09
at   1   AM/PM at the address of
8585 Archives Ave. Baton Rouge LA 70809

Subpoena was mailed thereafter on N/A

A description of Amy McPherson           is as follows:

Age: 30              Sex: Female      Race: White      Height: 5'6"
Weight: 130          Hair: Blonde     Build: Small     Eyes: Blue
Other: Pregnant

I, Eric Douret , special process server, declare that the above is true and correct.

Signature          ERIC Douret        11-16-09
                   Print               Date

P.O. Box 231131 New Orleans, LA 70123

Sworn to and subscribed before me
This 17 day of November 2009

Notary Public

OFFICIAL SEAL
KIM J. LORD
NOTARY PUBLIC NO. 59521
STATE OF LOUISIANA
PARISH OF JEFFERSON
My Commission is for Life

**STATE OF LOUISIANA**
**SECRETARY OF STATE**

COMMERCIAL DIVISION

Uniform Commercial Code
(225) 925-4704
Fax
(225) 922-0452

Administrative Services
(225) 925-4704
Fax
(225) 925-4726

Corporations
(225) 925-4704
Fax
(225) 922-0435

**JAY DARDENNE**
**SECRETARY OF STATE**



November 24, 2009

J RANDOLPH EVANS, ESQ.
MCKENNA LONG & ALDRIDGE LLP
303 PEACHTREE ST., N.E., STE. 5300
ATLANTA, GA  30308

DEAR MR. EVANS:

EVANS CABINET CORPORATION VS KITCHEN INTERNATIONAL, INC.

Suit No. 20091120

This is to advise that the suit in the above entitled and
numbered proceeding which was served on November 16, 2009,
mailed on November 17, 2009, to KITCHENS INTERNATIONAL,
INC., 1937 VETERANS MEMORIAL BLVD., #411, METAIRIE, LA
70005, was returned today with the notation "REFUSED"
stamped on the envelope.

If you have another address in which you wish to attempt
service, please advise in writing.  You may fax your
response to (225)925-4726.

For proper identification, please attach a copy of this
letter to all future correspondence in connection with this
service.

Sincerely,

JNE

Mailing Address:  P. O. Box 94125, Baton Rouge, LA * 70804-9125
Office Location:  8585 Archives Ave., Baton Rouge, LA * 70809
Web Site Address:  www.sos.louisiana.gov

COPY

**Jay Dardenne**
**SECRETARY OF STATE**

02/04/2010

State of Louisiana
Secretary of State



**COMMERCIAL DIVISION**

Uniform Commercial Code
(225) 925-4704
Fax
(225) 832-5318

Administrative Services
(225) 925-4704
Fax
(225) 832-5317

Corporations
(225) 925-4704
Fax
(225) 832-5314

J RANDOLPH EVANS, ESQ.
MCKENNA LONG & ALDRIDGE LLP
303 PEACHTREE ST., N.E., STE. 5300
ATLANTA, GA  30308

DEAR MR. EVANS:

EVANS CABINET CORPORATION vs. KITCHEN INTERNATIONAL, INC.

Suit No. 20091120

This is to advise that the suit in the above entitled and numbered proceeding, which was served on November 16, 2009, mailed on November 17, 2009, to KITCHENS INTERNATIONAL, INC., SUITE 600,5455 DE GASPE, MONTREAL, QUEBEC H2T 3B3, was returned on November 23, 2009, with the notation "REFUSED" stamped on the envelope.

It was remailed that day to KITCHENS INTERNATIONAL, INC., 1937 VETERANS MEMORIAL BLVD., #411, and was returned today with the notation "UNCLAIMED" stamped on the envelope.

If you have another address in which you wish to attempt service, please advise in writing.  You may fax your response to (225)925-4726.

For proper identification, please attach a copy of this letter to all future correspondence in connection with this service.

Sincerely,

JN

Rev 09/09

Mailing Address: P. O. Box 94125, Baton Rouge, LA 70804-9125
Office Location: 8585 Archives Ave., Baton Rouge, LA 70809
Web Site Address:www.sos.louisiana.gov

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

P. MICHAEL FREED
(404) 527-4678

EMAIL ADDRESS
mfreed@mckennalong.com

February 12, 2010

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Clerk of Superior Court of Laurens County
101 North Jefferson Street, Room 106
Dublin, GA 31021

Re:   *Evans Cabinet Corporation v Kitchens International, Inc.*
        **Civil Action No. 2009-CG-1120**

Dear Sir/Madam:

Enclosed please find an original and two copies of Motion for entry of Default Judgment and Incorporated Memorandum of Law in Support, including proposed Default Judgment as to Liquidated Contract Damages. Please file stamp and return one copy in the self address stamped envelope enclosed.

If you have any questions regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

P. Michael Freed

PMF:jf

ATLANTA:5208891.1



## IN THE SUPERIOR COURT OF LAURENS COUNTY
## STATE OF GEORGIA

EVANS CABINET CORPORATION

        Plaintiff,

vs.

        Civil Action File No. 2009CV1120

KITCHEN INTERNATIONAL, INC.,

        Defendant.

## SUPPLEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

        COMES NOW Plaintiff Evans Cabinet Corporation ("Evans"), and files this Supplement In Support of its Motion for Entry of Default Judgment, showing the Court as follows:

        1.    On February 18, 2010, Evans filed a Motion for Entry of Default Judgment seeking the entry of a default judgment against Defendant Kitchen International, Inc. ("KI"). As shown in Evans' Motion, KI is in default based on its failure to timely answer Evans' Complaint in this matter. Evans expressly incorporates that Motion and its Exhibits by reference herein.

        2.    In further support of its Motion, Evans submits two additional Exhibits showing that KI had actual knowledge of this Action long ago, at least as early as September 1, 2009.

        3.    On August 20, 2009, counsel for Evans sent a letter to Michael O'Donnell, Esq., an attorney for KI enclosing a copy of the Complaint filed in this case, and requesting that KI execute an acknowledgement of service. A copy of Evans' counsel's letter dated August 20, 2009, is attached hereto as Exhibit G.

        4.    On September 1, 2009, Mr. O'Donnell, counsel for KI, responded. Mr. O'Donnell stated that "after speaking with my client, I was informed that Kitchens will not waive service, and anticipates original service to be served upon them." A copy of Mr.



Filed in office this 24th day of _____, 20 10

_____ Deputy Clerk

O'Donnell's letter dated September 1, 2009, is attached hereto as Exhibit H.

5.      The letters attached as Exhibits G and H prove that KI had notice of Evans' Complaint as early as September 1, 2009. The Court, therefore, should reject any suggestion that KI was unaware of this action before receiving service of Evans' Motion for Entry of Default.

6.      But separate and above these showings, Evans properly served KI with the Summons and Complaint in this action and KI is in default. Evans is entitled to the entry of a default judgment, as supported by Evans' Motion and Exhibits.

Respectfully submitted this 23rd day of February, 2010.

J. Randolph Evans, Esq.
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed, Esq.
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed, Esq.
Georgia Bar No. 061128
mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

*Attorneys for Plaintiff Evans Cabinet Corp.*

IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

EVANS CABINET CORPORATION

     Plaintiff,

vs.

                                      Civil Action File No. 2009CV1120

KITCHEN INTERNATIONAL, INC.,

     Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Supplement in Support

of Plaintiff's Motion for Entry of Default Judgment by registered mail and e-mail to the

following:

        Janis Rosser, Esq.
        Law Office of Janis L. Rosser, P.C.
        570 Colonial Park Drive, Suite 306
        Roswell, GA 30075-3641

This _25ᵗ_ day February, 2010.

                                    P. Michael Freed, Esq.
                                    Georgia Bar No. 061128
                                    mfreed@mckennalong.com



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**llp

ATTORNEYS AT LAW

Michael R. O'Donnell
Partner

Direct:
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

September 1, 2009

**VIA ELECTRONIC MAIL AND REGULAR MAIL**

Charles Reed, Esq.
McKenna, Long & Aldridge LLP
300 Peachtree Street
Suite 5300
Atlanta, Georgia 30308

**Re:   Evans Cabinet Corp. v. Kitchens International, Inc.**

Dear Mr. Reed:

I am in receipt of your letter dated August 20, 2009 along with a complaint filed in the Superior Court of Laurens County, Georgia.  As a preliminary matter, I have no recollection of your informing me of your intention to file any new lawsuit in Georgia. Indeed, after reviewing the complaint, it is clear that this is nothing more than a complete re-hashing of the matter currently pending in the United States First Circuit Court of Appeals, and designed solely for the purpose of harassing my client.  Further, as this matter is located in Georgia, my firm has not yet been retained to represent Kitchens in this matter.  However, after speaking with my client, I was informed that Kitchens will not waive service, and anticipates original process to be served upon them.

Very truly yours,

Michael R. O'Donnell

3977487.1

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, Suite 4920, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
www.riker.com

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

CHARLES K. REED
(404) 527-4820

EMAIL ADDRESS
creed@mckennalong.com

August 20, 2009

VIA E-MAIL AND U.S. MAIL

Michael R. O'Donnell, Esq.
RIKER, DANZIG,
SCHERER, HYLAND & PERRETTI, LLP
One Speedwell Avenue
Morristown, New Jersey 07962-1981

Re:   *Evans Cabinet Corp. v. Kitchen International, Inc.*
      In the Superior Court of Laurens County, State of Georgia

Dear Mr. O'Donnell:

As we discussed during the August 5, 2009 mediation between the above reference parties, Evans Cabinet has filed suit against Kitchen International, Inc. in the Superior Court of Laurens County, Georgia. A copy of the Complaint is enclosed along with an Acknowledgement of Service. We request that your client execute the Acknowledgment of Service and return it to me by September 11, 2009. If I do not receive the executed Acknowledgment of Service by that date, we will proceed to have Complaint personally served upon Kitchen International by a process server.

Very truly yours,

Charles K. Reed

Encl.

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

EVANS CABINET CORPORATION,    :
                                      :

        Plaintiff,                :
                                        :

vs.                                 :        CIVIL ACTION NO. _____
                                        :

KITCHEN INTERNATIONAL, INC.,    :
                                        :

        Defendant.            :

### COMPLAINT

Plaintiff Evans Cabinet Corporation ("Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Kitchen International, Inc. ("Defendant") for breach of contract, and unjust enrichment, and shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a corporation organized under the laws of the State of Georgia, with its principal place of business at 1321 North Franklin Street, Dublin, Georgia.

2.      Defendant is a corporation organized under the laws of the State of Louisiana, with its principal place of business at 1937 Veterans Boulevard, Suite 411, Metairie, Louisiana. Defendant transacts business in the State of Georgia.  Defendant may be served with process through its registered agent, William Shiell, IV, 1937 Veterans Memorial Blvd., Suite 411, Metairie, Louisiana.

3.      Defendant is subject to personal jurisdiction in this Court because it transacts business in the State of Georgia.

4.      Venue is proper in this Court because a substantial part of Defendant's business in Georgia was transacted in this County.

## FACTS

5.      Plaintiff is a manufacturer and wholesaler of custom-built cabinetry.  Plaintiff's plant and offices are located in Dublin, Georgia.

6.      Defendant is a distributor and supplier of kitchen cabinetry, usually as a subcontractor to various construction projects throughout the United States.

7.      Plaintiff and Defendant entered into a contract pursuant to which Plaintiff agreed to manufacture and provide the Defendant cabinetry and/or other materials for installation in a series of residential construction projects.

8.      In exchange, Defendant agreed to pay Plaintiff for the cabinetry and materials provided.

9.      Pursuant to the Contract, Defendant received cabinetry and materials from Plaintiff and installed them as part of several residential construction projects.

10.     In breach of the Contract, Defendant has not remitted payment to Plaintiff for the cabinetry and materials provided.

11.     In total, Defendant has failed to pay Plaintiff $284,378.81 in consideration for the cabinetry and materials provided by Plaintiff.

## COUNT I – BREACH OF CONTRACT

12.     Plaintiff incorporates Paragraphs 1 through 11 as if fully set forth herein.

13.     Defendant was contractually obligated to pay Plaintiff for the cabinetry and materials Plaintiff provided.

14.     The Contract is valid and enforceable.

15.     Plaintiff has fully performed its obligations under the Contract.

16.     Defendant has breached its contractual obligation by failing to remit payments to Plaintiff for cabinetry and materials provided in the amount of $284,378.81.

17.     Defendant's breach has caused Plaintiff to incur damages in the amount of $284,378.81.

18.     Wherefore, Plaintiff prays for a judgment against Defendant for breach of contract in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

### COUNT II – UNJUST ENRICHMENT

19.     Plaintiff incorporates Paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant has profited and unjustly enriched itself at Plaintiff's expense, and Plaintiff is entitled to a judgment against Defendant for monies owed to Plaintiff in the amount of $284,378.81.

21.     Wherefore, Plaintiff prays for a judgment against Defendant for unjust enrichment in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.


WHEREFORE, Plaintiff Evans Cabinet Corporation respectfully prays for:

(a)     damages in the amount of $284,378.81, plus interest;

(b)     a trial by jury on all issues so triable; and

(c)     such other and further relief as the Court may deem just and proper under the circumstances.

This ___ day of _____, 2009.

3

J. Randolph Evans
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed
Georgia Bar No. 061128
mfreed@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, GA 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

4

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

EVANS CABINET CORPORATION,   :
                                     :

        Plaintiff,              :

                                    :

vs.                                :     CIVIL ACTION NO. _____

                                  :

KITCHEN INTERNATIONAL, INC.,   :

                                  :

        Defendant.       :

                                  :

## ACKNOWLEDGEMENT OF SERVICE

Being authorized to accept service on behalf of Kitchen International, Inc., I hereby acknowledge service of the Summons and Complaint in the above-styled matter, and acknowledge that all other further service of these documents is hereby waived and agrees and stipulates that Defendant Kitchens International, Inc. will not raise process or service of process in defense of said Complaint.

This _____ day of _____, 2009.

                                        _____

                                        Janet Shiell
                                        Kitchen International, Inc.