IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EVANS CABINET CORPORATION

    Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

    Defendant.

Civil Action File No. 3:10-CV-0020
DHB-WLB

**MOTION FOR REMAND
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Plaintiff Evans Cabinet Corporation ("Evans"), by and through its undersigned counsel, and pursuant to 28 U.S.C. 1447(c), files this Motion for Remand and Incorporated Memorandum of Law in Support, respectfully requesting that this Court remand this case back to state court. In support of its Motion, Evans respectfully shows the Court as follows:

## I. RELEVANT FACTS

Evans filed this action on August 24, 2009, in the Superior Court of Laurens County, State of Georgia ("State Court"). (See Complaint at Exhibit B to Evans' Motion for Entry of Default Judgment attached hereto as Exhibit 1 ("Evans' Default Motion")). Evans first gave KI notice of this action, along with the Summons and Complaint, in August 2009. On August 20, 2009, counsel for Evans sent a letter to Michael O'Donnell, Esq., an attorney for KI, enclosing a copy of the Complaint filed in this case, and requesting that KI execute an acknowledgement of service. (See Evans' counsel's letter dated August 20, 2009 at Exhibit G to Evans' Supplement in Support of Plaintiff's Motion for Entry of Default Judgment attached hereto as Exhibit 2

("Evans' Supplement to Default Motion")). KI acknowledged receiving the summons and complaint and expressly refused to waive service. By letter dated September 1, 2009, Mr. O'Donnell responded to Evans' letter and request, and stated that "after speaking with my client, I was informed that Kitchens will not waive service, and anticipates original service to be served upon them." (See Mr. O'Donnell's September 1, 2009 letter at Exhibit H to Evans' Supplement to Default Motion).

After KI's refusal to waive service, Evans proceeded to formally serve KI. Because KI does not maintain a place of business or a registered agent in the State of Georgia, Evans sought to serve KI in Louisiana, where it is incorporated. On September 9, 2009, the State Court of Laurens County issued an order appointing a special process server to serve KI with a copy of the Summons and Complaint.

According to the Louisiana Secretary of State's records, KI's registered agent, William Shiell, IV, is located at 1937 Veterans Memorial Blvd., #411, Metarie, LA 70005. (See Exhibit 3). On September 15, 2009, Evans' process server attempted to serve Mr. Shiell at KI's registered address. (See Affidavit of Attempted Service at Exhibit C to Evans' Default Motion). Upon arrival, Evans' process server learned that KI's registered address is merely a post office box, and that, contrary to its filings with the Louisiana Secretary of State, KI has no office or maintains no physical presence at its registered address. (Id.). KI's registered agent, then, could not be found or served at KI's registered address. (Id.).

After further research, Evans was unable to identify any other addresses or places of business maintained by KI in Louisiana. After putting forth a diligent effort to personally serve KI in Louisiana, Evans resorted to serving KI though the Louisiana Secretary of State pursuant to the Louisiana Code of Civil Procedure Article 1262, which allows for such substituted service

when a corporate defendant cannot be served personally.

On November 16, 2009, Evans' effected formal service on KI by serving copy of the Summons and Complaint upon the Louisiana Secretary of State. (See Affidavit of Corporate Service at Exhibit D to Evans' Default Motion). The Louisiana Secretary of State twice acknowledged service upon it. (See Acknowledgement of Service letters at Exhibits E and F to Evans' Default Motion).

By letter dated November 24, 2009, the Louisiana Secretary of State's office advised that it mailed the Summons and Compliant to KI's registered address, but the mailing was returned as "REFUSED." (See Exhibit E to Evans' Default Motion). The November 24, 2009, letter stated that Evans may provide another address for KI where the Summons and Complaint could be mailed. (Id.). Although it was under no legal obligation to do so, but in a good faith effort to notify KI that the Complaint had been filed and service had been effected, Evans provided the Louisiana Secretary of State with KI's address in Montreal, Quebec, Canada.[1]

By letter dated March 2, 2010,[2] the Louisiana Secretary of State advised that its attempt to mail the Summons and Complaint to KI's Canadian address also failed. The letter specifically states that the Secretary of State re-mailed the process to KI's Canadian address on December 7,

---

[1] In its Notice of Removal, KI asserts that the Canadian address Evans gave to the Secretary of State is incorrect. (See Notice of Removal, Doc. Entry No. 1, at 3-4). According to KI's Notice, its proper Canadian address is **Suite 620**, 5455 De Gaspe, Montreal, Quebec H2T 3B3. The address supplied by Evans was **Suite 600**, 5455 De Gaspe, Montreal, Quebec H2T 3B3. In a previous action initiated by KI against Evans in Quebec, however, KI represented that its proper address is the same as that Evans provided to the Secretary of State (Suite 600, not Suite 620). (See Exhibit 4). KI has held itself out as being located at the address used and provided by Evans, contradicting its own argument. KI's assertion that the address is incorrect is yet another act of deception and a desperate attempt to rescue itself from the dire situation it created in this case.

[2] Evans attached as Exhibit F to its Motion for Entry of Default Judgment a letter from the Louisiana Secretary of State's office dated February 4, 2010, which erroneously stated that the Secretary of State attempted to mail process to KI's Canadian address on November 17, 2009, and then to its registered address in Louisiana on November 23, 2009. The Secretary of State's office corrected that error in a letter dated March 2, 2010, which is attached hereto as Exhibit 5, and should take precedent over the February 4, 2010, letter attached to Evans' Motion for Entry of Default.

2009. That mailing was returned on February 2, 2010, with the notation "UNCLAIMED." (See Exhibit 4).

KI never answered or responded to the Complaint in State Court. Accordingly, on February 18, 2010, over three months after effecting service, Evans filed a Motion for Entry of Default Judgment in the State Court. In yet another good faith effort to notify KI of these proceedings, Evans mailed a service copy of its Motion to KI's Canadian address. Miraculously, although every other attempt to mail pleadings to KI had been refused or was otherwise unsuccessful, KI received service of Evans' Motion and realized it was facing the entry of default judgment against it.

On February 23, 2010, counsel for both parties participated in a conference call with Judge Stanley Smith, the presiding judge in the State Court. After each party explained its position, Judge Smith indicated that he planned to examine Evans' Motion for Entry of Default Judgment and supporting papers on February 25, 2010, and would likely enter judgment in Evans' favor on that same date.

Realizing that its attempts to evade service had backfired and that a judgment of nearly $300,000 against it was imminent, KI desperately removed this action to federal court on February 24, 2010. (See Notice of Removal, Doc. Entry No. 1). KI's removal occurred 100 days after Evans effected service on KI via the Louisiana Secretary of State. Moreover, KI's last-ditch effort to avoid a judgment deprived the State Court of the authority to enter a judgment and robbed Evans of the judgment to which it was entitled.

## II.  ARGUMENT AND CITATION TO AUTHORITY

This case should be remanded to the State Court because KI's removal was not timely. Evans properly effected service on KI through the Secretary of State on November 16, 2009. KI

4

did not file its notice of removal until February 24, 2010, well outside the 30 day deadline provided by federal statute. In addition, fairness considerations dictate that KI should not be able to avoid the default caused by its own wrongdoing by simply removing this case to federal court. For these reasons, and as explained in more detail below, this case should be remanded back to the State Court.

### A. KI's Removal was Untimely

*1. Service on the Louisiana Secretary of State was Proper*

Evans properly effected service of process on KI via the Louisiana Secretary of State. The Louisiana Code of Civil Procedure Article 1262 provides as follows:

> If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261 [prescribing methods for personal service of process on domestic corporations], then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

Evans properly relied on this statute to serve KI through the Secretary of State. Evans attempted to personally serve KI's registered agent at the address listed with the Secretary of State's office. KI, however, does not actually maintain an office at its registered address, and its registered agent cannot be found at that address. Rather, its registered address is merely a post office box. Upon learning this, Evans attempted to learn if KI maintained any other physical presence in Louisiana. Evans was not able find any other address or identify any other location in Louisiana where KI's registered agent or other officers may be found. Based on these actions, Evans put forth a diligent effort to personally serve KI, but was unable to do so due to KI's failure to maintain a physical presence in Louisiana, as it is required to do by law. See LA. STAT. ANN. § 104.

Additionally, the summons served on the Secretary of State was not defective. In its motion to dismiss filed in this Court, KI asserts that the summons served upon Secretary of State was defective because it identifies the defendant as "Kitchen International, Inc.," rather than "Kitchens International, Inc." (emphasis added) (See Doc. Entry No. 5, at 4). Not surprisingly, KI cites no case law in support of its ridiculous argument. In fact, case law strongly rebukes KI's assertion:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.... 'As a gen[e]ral rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.'

Miller v. U.S. Shelter Corp. of Delaware, 179 Ga. App. 469, 472-73, 347 S.E.2d 251 (Ga. Ct. App. 1986) (citing United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947)); Mathis v. Bellsouth Telecommunications, Inc., 2010 WL 27905 (Ga. Ct. App. Jan. 7, 2010) (service of process on company's agent sufficient despite misnomer by plaintiff in referring to company by its trade name). Accordingly, any misnomer on the summons served on the Secretary of State was not deficient and does not invalidate Evans' service of process.

2. *KI Failed to Remove this Case Within 30 Days of Service upon the Secretary of State*

KI failed to remove this action within the 30 days required by federal statute. Accordingly, the removal is untimely and this case should be remanded back to the State Court.

The timing for removal is governed by 28 U.S.C. § 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

6

the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Eleventh Circuit Court of Appeals has mandated that "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts as to the propriety of a removal must be resolved in favor of remand. Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006).

Although there appears to be a split in authority on the issue, federal courts have held that when service is effected through a defendant's statutory agent, that defendant's 30 days to remove to federal court begins to run at the point its statutory agent is served with process. See, e.g., Ortiz v. Biscanin, 190 F. Supp. 2d 1237, 1243 (D. Kan. 2002) (remanding case to state court based on untimely removal and holding that service upon statutory agent (in this case, the state Insurance Commissioner) triggered time for removal, not the defendant's actual receipt of process); Youngson v. Lusk, 96 F. Supp. 285 (D. Neb. 1951) (holding that service is perfected under Nebraska law when papers are served upon Secretary of State and so removal clock begins on that day); Hegelson v. Barz, 89 F. Supp. 429, 432 (D. Minn. 1950) (holding removal clock began to run when statutory agent served). But see, e.g., Monterey Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (holding that when service is effected on statutory agent, time for removal runs from when defendant actually receives process).[3] Given the extraordinary facts of this case, and in the interest of fairness, the Court should follow those cases that hold that a defendant's 30 days to remove begins to run when its statutory agent is served with the summons and complaint.

---

[3] It does not appear that either the U.S. Supreme Court or the Eleventh Circuit Court of Appeals has addressed this precise issue.

7

Applying the rule articulated in <u>Ortiz</u>, <u>Youngson</u>, and <u>Hegelson</u>, KI's removal was untimely, and this action must be remanded pursuant to 28 U.S.C §§ 1446-1447. KI first received notice of this action along with a copy of the Summons and Complaint no later than September 1, 2009, when it explicitly refused to waive formal service. From that point forward, not only did KI have knowledge and possession of the Summons and Complaint, it was also aware that Evans would be attempting formal service.

Evans subsequently fulfilled is obligation to formally serve KI when it effected service upon KI's statutory agent, the Louisiana Secretary of State, on November 16, 2009. That service was proper. The only reason Evans was forced to resort to serving KI's statutory agent was because KI did not actually maintain a registered office and agent within the State of Louisiana, contrary to its filings with the Secretary of State's office. <u>See</u> LA. STAT. ANN. § 104. KI did not remove the case until February 24, 2010, 100 days after KI served the Secretary of State. KI, therefore, failed to remove the case within the 30 days required by 28 U.S.C. § 1446(b). Because the removal was untimely and is procedurally flawed, this case must be remanded back to the State Court.

Moreover, any failure by KI to actually receive process was due exclusively to its own fraud and chicanery. KI failed to fulfill its statutory obligations requiring it to maintain an office and registered agent in Louisiana who Evans could personally serve. By not actually having a registered agent located in Louisiana, KI has implicitly consented to the Secretary of State being its registered agent to receive service of process on its behalf. KI's failure forced Evans to serve process on the Secretary of State. Once Evans did so, KI then proceeded to dodge the Secretary of State's efforts to mail process to it pursuant to its statutory duty.

KI never answered or otherwise responded to Evans' Complaint in State Court. Due to

8

that failure, KI automatically became in default as of December 16, 2009. See O.C.G.A. § 9-11-55(a). KI failed to open the default as a matter of right within 15 days after falling into default. See id. Pursuant to O.C.G.A. § 9-11-55(a), "[i]f the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury. . ."

KI now is attempting to obtain relief from the default and its own wrongdoing by removing this case and taking away the State Court's ability to enter a judgment against it. Federal courts, however, have recognized that a defendant should not be granted relief from default where, as here, it wrongfully avoids service. See, e.g., Nikewei v. Ross School of Aviation, 822 F.2d 939 (10th Cir. 1987) (defendant who returned service by mail marked "refused" was simply trying to avoid service and could not later claim to have not been served to avoid a default judgment); Swaim v. Moltan Co., 73 F.3d 711 (7th Cir. 1996) (default judgment against defendant was upheld where defendant refused service by mail, refused service by process server, and refused service by Secretary of State); Hirschkop & Grad v. Robinson, 757 F.2d 1499 (4th Cir. 1985) (default judgment upheld where defendant willfully avoided service by refusing to pick up his mail from both plaintiff and Secretary of State); In re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985) (failure to collect corporate mail or change registered address with Secretary of State constitutes "a willful disregard of the legal process and a willful default"); Massengill v. Campbell, 391 F.2d 233 (5th Cir. 1968) (holding "receipt of actual notice of legal proceedings precludes the recipient from raising a technical defect in service of process" and that "a nonresident defendant may not defeat service by refusing to accept a registered letter").

Fairness dictates that no defendant should be allowed to get away with what KI is

9

attempting here. Holding that KI's removal was timely would create an unconscionable loophole in the law in cases like this that would allow defendants to avoid service, ignore properly filed and served state court lawsuits, go into default, but then avoid the consequences of their choices by simply removing case to federal court to avoid an imminent default judgment. This cannot be the law.

**B. Motion for Remand Should be Resolved before Motion to Dismiss or Any Other Substantive Issue**

As a threshold issue, the Court should resolve this Motion to Remand before addressing KI's motion to dismiss or any other substantive issue. This action is not even properly before this Court if KI's removal was not timely. Accordingly, that issue should be resolved before moving on to other issues. See In re Bear River Drainage Dist., 267 F.2d 849, 851 (10th Cir. 1959) (recognizing that when faced with a motion to remand and a motion to dismiss, the better practice is to rule first on the motion to remand).

### III. CONCLUSION

For the foregoing reasons, Evans respectfully requests that this Court grant its Motion and remand this case back to the Superior Court of Laurens County.

Respectfully submitted, this 3rd day of March, 2010.

/s/ Charles K. Reed
Charles K. Reed, Esq.
Georgia Bar No. 597597
Attorney for Plaintiff Evans Cabinet Corp.
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198
creed@mckennalong.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EVANS CABINET CORPORATION

    Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

    Defendant.

Civil Action File No. 3:10-CV-0020
DHB-WLB

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 3, 2010, a true and correct copy of the foregoing document was forwarded and by electronic means through the Court's ECF System, and/or by U.S. Mail to:

Luman C. Earle
Attorney at Law
1101 Hillcrest Pkwy.
Suite K-1
Dublin, GA 31021

Janis L. Rossner
125 Perimeter Center, West
Suite 376
Atlanta, GA 30346

                                      /s/ Charles K. Reed
                                      Charles K. Reed, Esq.