# EXHIBIT 2



IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EVANS CABINET CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>KITCHEN INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action File No. 2009CV1120 |

### SUPPLEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

COMES NOW Plaintiff Evans Cabinet Corporation ("Evans"), and files this Supplement In Support of its Motion for Entry of Default Judgment, showing the Court as follows:

1. On February 18, 2010, Evans filed a Motion for Entry of Default Judgment seeking the entry of a default judgment against Defendant Kitchen International, Inc. ("KI"). As shown in Evans' Motion, KI is in default based on its failure to timely answer Evans' Complaint in this matter. Evans expressly incorporates that Motion and its Exhibits by reference herein.

2. In further support of its Motion, Evans submits two additional Exhibits showing that KI had actual knowledge of this Action long ago, at least as early as September 1, 2009.

3. On August 20, 2009, counsel for Evans sent a letter to Michael O'Donnell, Esq., an attorney for KI enclosing a copy of the Complaint filed in this case, and requesting that KI execute an acknowledgement of service. A copy of Evans' counsel's letter dated August 20, 2009, is attached hereto as Exhibit G.

4. On September 1, 2009, Mr. O'Donnell, counsel for KI, responded. Mr. O'Donnell stated that "after speaking with my client, I was informed that Kitchens will not waive service, and anticipates original service to be served upon them." A copy of Mr.

O'Donnell's letter dated September 1, 2009, is attached hereto as Exhibit H.

5. The letters attached as Exhibits G and H prove that KI had notice of Evans' Complaint as early as September 1, 2009. The Court, therefore, should reject any suggestion that KI was unaware of this action before receiving service of Evans' Motion for Entry of Default.

6. But separate and above these showings, Evans properly served KI with the Summons and Complaint in this action and KI is in default. Evans is entitled to the entry of a default judgment, as supported by Evans' Motion and Exhibits.

Respectfully submitted this 23rd day of February, 2010.

J. Randolph Evans, Esq.
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed, Esq.
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed, Esq.
Georgia Bar No. 061128
mfreed@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

*Attorneys for Plaintiff Evans Cabinet Corp.*

IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EVANS CABINET CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>KITCHEN INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action File No. 2009CV1120 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Supplement in Support of Plaintiff's Motion for Entry of Default Judgment by registered mail and e-mail to the following:

>   Janis Rosser, Esq.
>   Law Office of Janis L. Rosser, P.C.
>   570 Colonial Park Drive, Suite 306
>   Roswell, GA 30075-3641

This 23rd day February, 2010.

_____
P. Michael Freed, Esq.
Georgia Bar No. 061128
mfreed@mckennalong.com

# EXHIBIT G



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI** LLP

ATTORNEYS AT LAW

Michael R. O'Donnell
Partner

Direct:
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

September 1, 2009

**VIA ELECTRONIC MAIL AND REGULAR MAIL**

Charles Reed, Esq.
McKenna, Long & Aldridge LLP
300 Peachtree Street
Suite 5300
Atlanta, Georgia 30308

Re:  Evans Cabinet Corp. v. Kitchens International, Inc.

Dear Mr. Reed:

I am in receipt of your letter dated August 20, 2009 along with a complaint filed in the Superior Court of Laurens County, Georgia. As a preliminary matter, I have no recollection of your informing me of your intention to file any new lawsuit in Georgia. Indeed, after reviewing the complaint, it is clear that this is nothing more than a complete re-hashing of the matter currently pending in the United States First Circuit Court of Appeals, and designed solely for the purpose of harassing my client. Further, as this matter is located in Georgia, my firm has not yet been retained to represent Kitchens in this matter. However, after speaking with my client, I was informed that Kitchens will not waive service, and anticipates original process to be served upon them.

Very truly yours,

*/s/ Michael R. O'Donnell*

Michael R. O'Donnell

3977487.1

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, Suite 4920, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
www.riker.com

# EXHIBIT H

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CHARLES K. REED
(404) 527-4820

EMAIL ADDRESS
creed@mckennalong.com

August 20, 2009

VIA E-MAIL AND U.S. MAIL

Michael R. O'Donnell, Esq.
RIKER, DANZIG,
SCHERER, HYLAND & PERRETTI, LLP
One Speedwell Avenue
Morristown, New Jersey 07962-1981

      Re:   *Evans Cabinet Corp. v. Kitchen International, Inc.*
              In the Superior Court of Laurens County, State of Georgia

Dear Mr. O'Donnell:

    As we discussed during the August 5, 2009 mediation between the above reference parties, Evans Cabinet has filed suit against Kitchen International, Inc. in the Superior Court of Laurens County, Georgia. A copy of the Complaint is enclosed along with an Acknowledgement of Service. We request that your client execute the Acknowledgment of Service and return it to me by September 11, 2009. If I do not receive the executed Acknowledgment of Service by that date, we will proceed to have Complaint personally served upon Kitchen International by a process server.

                                    Very truly yours,

                                      Charles K. Reed

Encl.

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| EVANS CABINET CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. _____ |
| | : | |
| KITCHEN INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Evans Cabinet Corporation ("Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Kitchen International, Inc. ("Defendant") for breach of contract, and unjust enrichment, and shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a corporation organized under the laws of the State of Georgia, with its principal place of business at 1321 North Franklin Street, Dublin, Georgia.

2. Defendant is a corporation organized under the laws of the State of Louisiana, with its principal place of business at 1937 Veterans Boulevard, Suite 411, Metairie, Louisiana. Defendant transacts business in the State of Georgia. Defendant may be served with process through its registered agent, William Shiell, IV, 1937 Veterans Memorial Blvd., Suite 411, Metairie, Louisiana.

3. Defendant is subject to personal jurisdiction in this Court because it transacts business in the State of Georgia.

4. Venue is proper in this Court because a substantial part of Defendant's business in Georgia was transacted in this County.

## FACTS

5. Plaintiff is a manufacturer and wholesaler of custom-built cabinetry. Plaintiff's plant and offices are located in Dublin, Georgia.

6. Defendant is a distributor and supplier of kitchen cabinetry, usually as a subcontractor to various construction projects throughout the United States.

7. Plaintiff and Defendant entered into a contract pursuant to which Plaintiff agreed to manufacture and provide the Defendant cabinetry and/or other materials for installation in a series of residential construction projects.

8. In exchange, Defendant agreed to pay Plaintiff for the cabinetry and materials provided.

9. Pursuant to the Contract, Defendant received cabinetry and materials from Plaintiff and installed them as part of several residential construction projects.

10. In breach of the Contract, Defendant has not remitted payment to Plaintiff for the cabinetry and materials provided.

11. In total, Defendant has failed to pay Plaintiff $284,378.81 in consideration for the cabinetry and materials provided by Plaintiff.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff incorporates Paragraphs 1 through 11 as if fully set forth herein.

13. Defendant was contractually obligated to pay Plaintiff for the cabinetry and materials Plaintiff provided.

14. The Contract is valid and enforceable.

15. Plaintiff has fully performed its obligations under the Contract.

16. Defendant has breached its contractual obligation by failing to remit payments to Plaintiff for cabinetry and materials provided in the amount of $284,378.81.

17. Defendant's breach has caused Plaintiff to incur damages in the amount of $284,378.81.

18. Wherefore, Plaintiff prays for a judgment against Defendant for breach of contract in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

19. Plaintiff incorporates Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant has profited and unjustly enriched itself at Plaintiff's expense, and Plaintiff is entitled to a judgment against Defendant for monies owed to Plaintiff in the amount of $284,378.81.

21. Wherefore, Plaintiff prays for a judgment against Defendant for unjust enrichment in the amount of $284,378.81, plus interest, and for such other relief the Court deems just and proper.

WHEREFORE, Plaintiff Evans Cabinet Corporation respectfully prays for:

(a)   damages in the amount of $284,378.81, plus interest;

(b)   a trial by jury on all issues so triable; and

(c)   such other and further relief as the Court may deem just and proper under the circumstances.

This ___ day of _____, 2009.

3

_____
J. Randolph Evans
Georgia Bar No. 252336
revans@mckennalong.com
Charles K. Reed
Georgia Bar No. 597597
creed@mckennalong.com
P. Michael Freed
Georgia Bar No. 061128
mfreed@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, GA 30308
Phone: (404) 527-4000
Fax: (404) 527-4198

4

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

| | |
|---|---|
| EVANS CABINET CORPORATION, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. _____ |
| KITCHEN INTERNATIONAL, INC., | : |
| Defendant. | : |

## ACKNOWLEDGEMENT OF SERVICE

Being authorized to accept service on behalf of Kitchen International, Inc., I hereby acknowledge service of the Summons and Complaint in the above-styled matter, and acknowledge that all other further service of these documents is hereby waived and agrees and stipulates that Defendant Kitchens International, Inc. will not raise process or service of process in defense of said Complaint.

This ____ day of _____, 2009.

_____
Janet Shiell
Kitchen International, Inc.

ATLANTA:5025343.1