# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

EVANS CABINET CORPORATION

    Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

    Defendant.

Civil Action File No. 3:10-CV-0020 DHB-WLB

## PLAINTIFF EVANS CABINET CORPORATION'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR REMAND

COMES NOW Plaintiff Evans Cabinet Corporation, by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.6, files this Reply Brief in Further Support of its Motion for Remand, showing as follows:

### I.  RELEVANT FACTS

Defendant Kitchen International, Inc., ("KI") has no records on file with the Georgia Secretary of State. KI is not incorporated in Georgia, is not registered to conduct business in Georgia, and maintains no place of place of business or registered agent in Georgia.[1]

Rather, KI is incorporated and registered in Louisiana. (See Evans' Motion for Remand and Incorporated Memorandum of Law ("Evans'Brief") at Exhibit 3). According to the information on file with the Louisiana Secretary of State, KI's address where its registered agent can be found is at 1937 Veterans Memorial Blvd., #411, Metarie, Louisiana, 70005. (See id.).

---

[1] There are two entities named "Kitchens International, Inc." with records on file with the Georgia Secretary of State. These entities, however, appear to have no relation to KI, and KI has not asserted that it is registered with the Georgia Secretary of State.

Contrary to this information, however, KI does not actually maintain any physical presence or a registered agent at that address. (See Evans' Brief at Exhibit 1). As explained in Evans' Motion for Remand, KI's failure to actually maintain a registered agent at its registered address in Louisiana (as it is required to do by law) forced Evans to seek alternative means for serving process on KI. (See Evans' Brief at 2-4, Exhibit 1). Accordingly, Evans served KI through the Secretary of State of Louisiana on November 16, 2009. (See Evans' Brief at Exhibits D & E to Exhibit 1).

When the Louisiana Secretary of State attempted to mail the service to KI at its registered address (as it was required to do by law), KI refused the accept the mailing. (See Evans' Brief at Exhibit 5). The mailing was returned to the Louisiana Secretary of State on November 23, 2009. (See id.). On December 7, 2009, the Louisiana Secretary of State attempted to mail the service to KI's Canadian address at Suite 600, 5455 De Gaspe, Montreal, Quebec H2T 3B3. (See id.). That mailing was returned as "unclaimed" on February 2, 2010. (See id.).

In its opposition brief, KI states that the Canadian address used by the Louisiana Secretary of State was incorrect because it has relocated from **Suite 600**, 5455 De Gaspe, Montreal, Quebec H2T 3B3 to **Suite 620**, 5455 De Gaspe, Montreal, Quebec H2T 3B3. KI implies that this is the reason it did not receive the mailing from the Secretary of State. KI's version of the facts appears to be disingenuous at best. First, as mentioned in Evans' initial brief, KI has held itself out at being located at the Suite 600 address. (See Evans' Brief, Exhibit 4). Second, public records indicate that an entity named Broussard-Shiell Holdings, Inc. is also located at Suite 600, 5455 De Gaspe, Montreal, Quebec H2T 3B3. (See Exhibit A hereto). These records indicate that the directors of Broussard-Shiell Holdings, Inc. are Janet Shiell and William Shiell, IV. (See id.). Janet Shiell and William Shiell, IV are also officers of KI. (See

Evans' Brief, Exhibit 3). Therefore, even if the actual address for KI is at Suite 620—a fact that Evans does not concede—the Louisiana Secretary of State sent the Summons and Complaint to an address of a related entity controlled by the same exact same individuals. Moreover, KI admits that it received a service copy of Evans' Motion for Entry of Default filed in the Laurens County Superior Court prior to removal, which was sent to the exact same address used by the Secretary of State.

In spite of service being perfected on November 16, 2009 and KI's refusal to accept the Summons and Complaint from the Louisiana Secretary of State no later than November 23, 2009, KI did not remove this action from the Laurens County Superior Court until February 24, 2010. (See Notice of Removal, Doc. Entry No. 1).

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    KI's Removal Was Untimely

*1.    The Time for Removal Began to Run When Service Was Made Upon the Louisiana Secretary of State*

As discussed in KI's Motion for Remand, although there is a split in authority on the issue, some federal courts have held that when service is effected through a statutory agent, the time for removal begins to run at the point its statutory agent is served with process. See, e.g., Ortiz v. Biscanin, 190 F. Supp. 2d 1237, 1243 (D. Kan. 2002) (remanding case to state court based on untimely removal and holding that service upon statutory agent (in this case, the state Insurance Commissioner) triggered time for removal, not the defendant's actual receipt of process); Youngson v. Lusk, 96 F. Supp. 285 (D. Neb. 1951) (holding that service is perfected under Nebraska law when papers are served upon Secretary of State and so removal clock begins on that day); Hegelson v. Barz, 89 F. Supp. 429, 432 (D. Minn. 1950) (holding removal clock began to run when statutory agent served). But see, e.g., Monterey Mushrooms, Inc. v. Hall, 14

3

F. Supp. 2d 988, 991 (S.D. Tex. 1998) (holding that when service is effected on statutory agent, time for removal runs from when defendant actually receives process). Given the facts of this case, this Court should follow those cases holding that the time for removal runs from the time the statutory agent is served.

KI cites the United States Supreme Court case, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), in support of its argument that the time for removal did not being run until February 22, 2010, when it claims it first received Evans' Complaint. Murphy Brothers, however, did not address the issue here – i.e. when the time for removal begins to run when service is made through a statutory agent. The plaintiff in Murphy Brothers had faxed a courtesy copy of its complaint to the defendant about two weeks prior to formally serving process. The issue addressed by the Supreme Court was whether the 30 day deadline for removal can be triggered by the defendant's receipt of a courtesy copy of a complaint prior to formal service, or whether formal service is required before the time begins to run. See id. at 347. The Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48.

Although Evans did send a courtesy copy of its complaint to KI's counsel in August 2009, Evans does not assert that that event triggered the time for removal. Rather, the issue here is when the time for removal is triggered when service of summons and complaint is perfected through a defendant's statutory agent. Murphy Brothers, therefore, is distinguishable and is not dispositive here. This distinction is evidenced by the opinion in Ortiz, issued after the Supreme

4

Court's holding in Murphy Brothers, and holding that the time for removal was triggered by service upon a statutory agent. Ortiz, 190 F. Supp. 2d 1237, 1243.

   2.   *KI Cannot Refuse Receipt of Process and then Argue that the Time for Removal Has Not Begun*

KI failed to maintain a registered agent at the address it registered with the Louisiana Secretary of State. Louisiana Revised Statute § 12:104 requires a Louisiana corporation to continuously maintain at least one registered agent within the state to act as the agent for the corporation for service of process. See La. Rev. Stat. Ann. § 12:104.C.(1). The corporation is required to file the address of its registered agent. See id., § 12:104.C(2). KI failed to fulfill this obligation. Although it stated in its filings with the Louisiana Secretary of State that it maintained a registered agent at its registered address, it failed to actually do so. Had KI actually maintained a registered agent at is registered address, these issues currently before the Court would likely have never materialized. Compounding the problem, KI refused to accept receipt of the summons and complaint when the Secretary of State mailed the process to KI's registered address. KI does not contest these facts, nor does it offer any explanation or justification for its failure to fulfill its statutory obligations.

Evans cites numerous federal court cases in its initial brief holding that a defendant cannot avoid a default judgment by wrongfully avoiding service. (See Evans' Brief at 9). Although those cases do not deal with the timeliness of a defendant's removal, they stand for the proposition that a defendant cannot wrongfully avoid service and then argue that its obligation to respond to a complaint has not been triggered. See, e.g., Nikewei v. Ross School of Aviation, 822 F.2d 939 (10th Cir. 1987) (defendant who returned service by mail marked "refused" was simply trying to avoid service and could not later claim to have not been served to avoid a default judgment); Swaim v. Moltan Co., 73 F.3d 711 (7th Cir. 1996) (default judgment against

defendant was upheld where defendant refused service by mail, refused service by process server, and refused service by Secretary of State); Hirschkop & Grad v. Robinson, 757 F.2d 1499 (4th Cir. 1985) (default judgment upheld where defendant willfully avoided service by refusing to pick up his mail from both plaintiff and Secretary of State); In re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985) (failure to collect corporate mail or change registered address with Secretary of State constitutes "a willful disregard of the legal process and a willful default"); Massengill v. Campbell, 391 F.2d 233 (5th Cir. 1968) (holding "receipt of actual notice of legal proceedings precludes the recipient from raising a technical defect in service of process" and that "a nonresident defendant may not defeat service by refusing to accept a registered letter").

Vibratech, Inc. v. Frost, 291 Ga. App. 133, 661 S.E.2d 185 (Ga. Ct. App. 2008), supports this conclusion. In that case, a foreign corporation defendant argued that service was insufficient on the grounds that it never received actual notice of the complaint from its registered agent. The registered agent had attempted to send the complaint to the defendant's last known contact person. That contact person, however, retuned the documents explaining that he was no longer affiliated with the company and that the company was in bankruptcy. The Georgia Court of Appeals rejected the defendant's argument that service was insufficient, and recognized that any failure to receive actual notice of the complaint was due to the defendant's own inaction:

> [U]nder Georgia law service does not necessarily require actual notice to a defendant. [citations omitted]. In this case, the trial court found that [the defendant's] failure to receive actual notice was due to the corporation's own failure, or that of its bankruptcy trustee, to take the requisite steps to alter its registered agent *or to otherwise insure that service would be forwarded to the trustee, or some other appropriate person*.

Id. at 192 (emphasis added). Vibratech establishes that service is not insufficient when a defendant does not receive actual notice of the suit from its agent for service because the

6

defendant failed to ensure that the agent was able to forward process to the defendant. Like the defendant in Vibratech, KI has failed to fulfill that obligation and cannot now cry foul.

    *3.    KI's Arguments Regarding its Canadian Address Must be Disregarded*

As explained above, any assertion that service was improper because KI did not receive the summons and complaint is disingenuous at best, dishonest at worst, and incorrect as a matter of law. Even if KI is technically located at **Suite 620**, 5455 De Gaspe, Montreal, Quebec H2T 3B3, not Suite 600 (a fact that Evans contests), Broussard-Shiell Holdings, Inc., an entity controlled by the same people as KI, is located at Suite 600. The Louisiana Secretary of State sent the summons and complaint to the Suite 600 address, and it was returned as "unclaimed." Moreover, KI admittedly received a service copy of Evans' Motion for Entry of Default filed in the Laurens County Superior Court prior to removal, which was sent to the exact same address used by the Secretary of State, establishing that as a valid mailing address for KI. These facts show that KI was clearly evading acceptance of service, and any claim that KI did not receive the complaint until February 22, 2010 must be disregarded. C.f. Vibratech, Inc., 661 S.E.2d at 192 (establishing that a service of process is sufficient where defendant fails to receive actual notice of the complaint due to its own failure to ensure that its registered agent is able to forward process to it).

**B.    Service Was Proper**

    *1.    Service Was Proper under Georgia Long-Arm Statute and O.C.G.A. § 9-11-4*

KI is subject to personal jurisdiction in this case pursuant to the Georgia Long-Arm Statute because it transacts business in Georgia. See O.C.G.A. § 9-10-91(a). The Long-Arm Statute "directs that foreign corporations not registered to do business but nonetheless subject to Georgia's long-arm jurisdiction 'may be served with a summons outside the state in the same

manner as service is made with in the state.'" See Vibratech, Inc. v. Frost, 291 Ga. App. 133, 140-41, 661 S.E.2d 185, 191 (Ga. Ct. App. 2008); O.C.G.A. § 9-10-94.

Georgia's general statute for service of process prescribes the manner for service under a variety of circumstances. See O.C.G.A. § 9-11-4. Specifically, O.C.G.A.§ 9-11-4(e) outlines the available methods for personal service of process depending upon the status of the defendant. Subsection (e)(1) provides that if an action is against a corporation that is incorporated or authorized to transact business in Georgia, process should be served upon "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." O.C.G.A. § 9-11-4(e)(1). That subsection goes on to provide for service upon the Georgia Secretary of State if service upon enumerated officers or agents in cannot be made. Id. Subsection (e)(2) provides that if an action is against a foreign corporation that does business within the state and has an agent within the state, service should be made upon that agent. O.C.G.A. § 9-11-4(e)(2).

Importantly, O.C.G.A. § 9-11-4(e)(7) provides a catch-all method for service in situations that do not fall within the other subsections. It states:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
> . . .
>
> (7) In all other cases to the defendant personally, . . . by delivering a copy of the summons and compliant to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e)(7).

KI argues that it was not subject to service under O.C.G.A. § 9-11-4, and therefore, service was not proper. KI's argument, however, appears to hinge on its belief that it did not fall within the parameters of either subsection (e)(1) and (e)(2). KI's argument disregards the Long-Arm Statute's permission to serve a foreign defendant "in the same manner as service is made

8

within the state." See O.C.G.A. § 9-10-94. In other words, the Long-Arm Statute allowed Evans to serve KI as though it was located in Georgia. Accordingly, as outlined in detail in Evans' initial brief, Evans attempted to personally serve KI's registered agent at is registered address. (See Evans' Brief at 1-4).

Regardless, even if KI could not be properly served under subsections (e)(1) and (e)(2), KI's argument completely ignores subsection (e)(7). As shown in Evans' initial brief, upon learning that KI does not actually maintain a registered agent at its registered address, and after diligently attempting to locate KI's registered agent elsewhere in Louisiana, Evans effected service on the Louisiana Secretary of State, who was authorized by law to receive process pursuant to Louisiana Code of Civil Procedure Article 1262. Service, therefore, was proper pursuant to O.C.G.A. § 9-11-4(e)(7).

The Vibratech case is instructive and demonstrates that service was proper here. In that case, defendant Vibratech was incorporated in Delaware and was not authorized to conduct business in Georgia. The plaintiff served the lawsuit upon Vibratech's registered agent in Delaware. The registered agent forwarded the lawsuit to the last known contact person for Vibratech. The contact returned the documents to the registered agent and explained that Vibratech was in bankruptcy and that the contact person was no longer involved with the company. The registered agent returned the documents to the clerk of court and plaintiff's counsel and stated that it was withdrawing as Vibratech's registered agent for service of process. Plaintiffs then amended their complaint and attempted to serve Vibratech's same agent in Delaware. The agent, however, rejected the service. Plaintiffs then served the Delaware Secretary of State.

Vibratech eventually filed a motion to dismiss on several grounds, including insufficient service of process. The trial court denied the motion. The Court of Appeals, relying on the Long-Arm Statute's permission to serve foreign defendants "in the same manner as service is made within the state," recognized that plaintiff's service upon Vibratech's registered agent in Delaware was appropriate under either O.C.G.A. § 9-11-4(e)(1) and (e)(7). As Vibratech shows, service upon a foreign corporation's registered agent in another state or upon that state's secretary of state is proper.

2.     *Service Pursuant to O.C.G.A. § 14-2-1510 Was Not Available and Not Required*

KI goes to great lengths to show that service was improper because Evans did not comply with O.C.G.A. § 14-2-1510. KI's arguments are misguided for two reasons. First, service was not even available under O.C.G.A. § 14-2-1510. Second, even if it was, O.C.G.A. § 14-2-1510 explicitly states that it does not provide the exclusive means for serving a foreign corporation.

Contrary to KI's arguments and "assumptions," service was not available under O.C.G.A. § 14-2-1510, which provides:

> (b) If a foreign corporation has no registered agent or its registered agent cannot with reasonable diligence be served, the corporation *may* be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the chief executive officer, chief financial officer, or secretary of the foreign corporation, or a person holding a position comparable to any of the foregoing, *at its principal office shown in the later of its application for a certificate of authority or its most recent annual registration*. Any party that serves a foreign corporation in accordance with this subsection shall also serve a copy of the process upon the Secretary of State and shall pay a $ 10.00 filing fee.

(emphasis added).

By its terms, service is only available under this statute if the foreign corporation defendant has a certificate of authority in Georgia or has applied for one. In fact, Tomlin v.

10

White Dairy Ice Cream Co., Inc., 13 F. Supp. 2d 1354 (S.D. Ga. 1997), *a case cited by KI in its opposition brief*, explicitly states that service by mail pursuant to O.C.G.A. § 14-2-1510 "was contemplated with respect *only* to foreign corporations holding a certificate of authority or applying for such a certificate." Id. at 1357 (emphasis added). Because KI does not hold a certificate of authority from the State of Georgia, nor is there any evidence that they have ever applied for one, Tomlin establishes that service could not be made upon KI under O.C.G.A. § 14-2-1510. The conclusion in Tomlin makes sense: how can service of process be based upon an address on file with the Georgia Secretary of State when no such records exist?

Rather than acknowledge this fact and what the case law actually establishes, KI merely "assumes" this statute applies to the address KI has on file with the Louisiana Secretary of State. (See KI's Opposition Brief at 18). This argument is without merit. First, as explained above, KI's assumptions contradict the holding in Tomlin and the clear terms of the statute. Second, and even more shockingly, KI's argument implies that service by certified mail to the address on file with in the Louisiana Secretary of State would have been sufficient, *even though KI refused the Louisiana Secretary of State's mailing of the summons and complaint to that exact same address*. KI cannot reasonably argue that Evans should have served it by mail at an address where it explicitly refused to accept service.

Regardless, even if service were available under O.C.G.A. § 14-2-1510, that statute explicitly "does not prescribe the only means, or necessarily the required means, of serving a foreign corporation." O.C.G.A. § 14-2-1510(d). Therefore, any alleged "failure" to comply with the statute is meaningless and KI's arguments on this point should be disregarded.

11

## C. The Court Should Hold an Evidentiary Hearing

Evans believes that its briefs and accompanying exhibits establish on their face that this case should be remanded back to the Laurens County Superior Court. Alternatively, Evans requests that this Court hold an evidentiary hearing to determine the facts related to this issue.[2]

## III. CONCLUSION

For the reasons shown above and in Evans' Motion for Remand and Incorporated Memorandum of Law, Evans respectfully requests that this Court grant its Motion and remand this case back to the Laurens County Superior Court.

Respectfully submitted, this 5th day of April, 2010.

/s/ Charles K. Reed
Charles K. Reed, Esq.
Georgia Bar No. 597597
Attorney for Plaintiff Evans Cabinet Corp.
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198
creed@mckennalong.com

---

[2] Regardless of whether the Court chooses to hold an evidentiary hearing, Evans reiterates its position that its Motion for Remand should be heard and determined prior to any other issues before this Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EVANS CABINET CORPORATION

    Plaintiff,

vs.

KITCHEN INTERNATIONAL, INC.,

    Defendant.

Civil Action File No. 3:10-CV-0020 DHB-WLB

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 5, 2010, a true and correct copy of the foregoing document was forwarded and by electronic means through the Court's ECF System, and/or by U.S. Mail to:

Luman C. Earle
Attorney at Law
1101 Hillcrest Pkwy.
Suite K-1
Dublin, GA 31021

Janis L. Rosser
Law Office of Janis L. Rosser, P.C.
570 Colonial Park Drive, Suite 306
Roswell, GA 30075-3641

                              /s/ Charles K. Reed
                              Charles K. Reed, Esq.