ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2010 JUL 29 P 3: 47

CLERK _B. McCarthy_
SO. DIST. OF GA.

EVANS CABINET CORPORATION,      *
                                *
        Plaintiff,              *
                                *
    v.                          *       CIVIL ACTION NO.
                                *       CV 310-020
KITCHEN INTERNATIONAL, INC.,    *
                                *
        Defendant.              *

O R D E R

Before the Court in the captioned matter is Plaintiff Evans Cabinet Corporation's ("Evans Cabinet") motion to remand the case. Upon consideration of the parties' briefs, the relevant evidence, and oral argument of July 28, 2010, the motion to remand is **GRANTED** for the reasons stated herein.

This contract case was initiated in the Superior Court of Laurens County on August 21, 2009. Evans Cabinet, a manufacturer and wholesaler of custom-built cabinetry, complains that it supplied kitchen cabinetry to Defendant Kitchen International, Inc. ("KI") pursuant to contract and has not been compensated. Evans Cabinet seeks over $280,000 in damages.

On February 24, 2010, KI removed the case basing the Court's subject matter jurisdiction on diversity under 28

U.S.C. § 1332. Evans Cabinet is a Georgia corporation with its principal place of business in Dublin, Georgia. KI is a Louisiana corporation. With an amount in controversy exceeding $75,000, the parties do not dispute that diversity jurisdiction is proper if the case was otherwise properly removed. Through its motion to remand, however, Evans Cabinet claims that KI's removal of the case is untimely because it was not filed within thirty days of KI's receipt of a copy of the initial pleading. See 28 U.S.C. § 1446(b).

The following facts are relevant to the determination of whether KI's removal petition is timely. Because KI does not maintain a place of business or a registered agent in Georgia, Evans Cabinet sought to serve KI in Louisiana, where it is incorporated. On September 9, 2009, the Superior Court of Laurens County appointed a special process server, who attempted service at the address of the registered agent listed with the Louisiana Secretary of State. On September 15, 2009, the process server discovered that the registered address is a post office box and that KI had no office or physical presence there. Thereafter, on November 16, 2009, Evans Cabinet served process upon the Louisiana Secretary of State.

The Louisiana Secretary of State's office immediately attempted service of process by mailing it to KI's registered

2

address.  According to the Louisiana Secretary of State's office, the mailing was returned with "REFUSED" stamped on the envelope on November 24, 2009.

In its Notice of Removal, KI asserts that it did not receive a copy of the initial pleading in the state case until February 22, 2010, the date that Ms. Janet M. Shiell, President of KI, discovered a packet of pleadings (including the complaint and a motion for entry of default judgment) under the door of its Canadian office.  KI removed the case to this Court two days later.

A notice of removal is timely filed if it is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).  This motion for remand requires a determination of when KI received a copy of the initial pleading, through service or otherwise.

The parties do not dispute, at least for purposes of the instant motion, that KI was subject to the jurisdiction of the Georgia state court under the state's long-arm statute.  See O.C.G.A. § 9-10-91.  O.C.G.A. § 9-10-94 provides that a defendant subject to Georgia's long-arm jurisdiction "may be served with a summons outside the state in the same manner as service is made within the state . . . ."  In Georgia,

3

O.C.G.A. § 9-11-4(e)(7) authorizes personal service upon a corporation by delivering process "to an agent authorized by appointment or by law to receive service of process." Because the Secretary of State of Louisiana is authorized by law to accept service of process for a corporation, La. Code Civ. Proc. Ann. art. 1262,[1] Evans Cabinet effected service upon KI when it served the Louisiana Secretary of State on November 16, 2009.

For its part, KI asks this Court to disregard this service, arguing that such service cannot constitute actual receipt by KI for purposes of triggering the thirty-day removal period. The Court recognizes the majority of cases that have held that service of process on a statutory agent, such as the Secretary of State, does not trigger the thirty-day removal period because a statutory agent is not a representative chosen by the defendant corporation to receive

---

[1] La. Code Civ. Proc. Ann. art. 1262 provides:

If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

In the instant case, Evans Cabinet was unable to serve KI at its registered address and therefore was authorized to serve the Secretary of State, who in turn mailed the pleadings to KI at its last known address.

4

process.  See, e.g., Cox v. Sprung's Transp. & Mover's Ltd.,
407 F. Supp. 2d 754 (D.S.C. 2006) White v. Lively, 304 F.
Supp. 2d 829 (W.D. Va. 2004); Lilly v. CSX Transp., Inc., 186
F. Supp. 2d 672 (S.D. W. Va. 2002); see also 14C Charles Alan
Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice
& Procedure: Jurisdiction and Related Matters § 3731, at 507-
08 (4th ed. 2009) ("[S]tatutory agents are not true agents but
merely are a medium for transmitting the relevant papers.
Accordingly, it now appears to be settled law that the time
for removal begins to run only when the defendant or someone
who is the defendant's agent-in-fact receives the notice via
service . . . .").  Nevertheless, it was KI's own conduct,
i.e., its failure to maintain a viable registered agent, that
precluded the Secretary of State's ability to serve process
upon KI.  Indeed, the Secretary of State's mailing came back
with a notation of "REFUSED" on the envelope, and while there
is no direct evidence that an agent of KI so marked the
envelope, there is no dispute that KI failed to comply with
Louisiana law in failing to "continuously maintain . . . at
least one registered agent . . . to act as the agent of a
corporation for service of process."  La. Rev. Stat. Ann. §
12:104.   In this respect, the case is more akin to
circumstances in which a defendant attempts to avoid default
judgment by wrongfully evading service. See, e.g., Nikewei v.

5

Ross School of Aviation, 822 F.2d 939 (10th Cir. 1987)
(defendant who returned service by mail marked "refused" was
simply trying to avoid service and could not later claim to
have not been served to avoid a default judgment); Swaim v.
Moltan Co., 73 F.3d 711 (7th Cir. 1996) (default judgment
against defendant upheld where defendant refused service);
Hirschkop & Grad, P.C. v. Robinson, 757 F.2d 1499 (4th Cir.
1985) (upholding default judgment granted against defendants
because they willfully avoided service). In step with the
rationale of these cases, this Court will not allow KI to
postpone the onset of thirty-day removal period by its failure
to take the necessary legal steps to provide a registered
agent for service of process. A more recent Georgia case
supports this conclusion though in the context of what
constitutes effective service of process, not in the context
of what triggers the thirty-day removal period. In Vibratech,
Inc. v. Frost, 661 S.E.2d 183 (Ga. Ct. App. 2008), a foreign
corporate defendant argued that service was insufficient on
the grounds that it never received actual notice of the
complaint from its registered agent. The Georgia Court of
Appeals rejected the defendant's argument, recognizing that
any failure to receive actual notice was due to the
defendant's own inaction. Id. at 192 (the defendant's failure
"to receive actual notice was due to the corporations own

6

failure . . . to take the requisite steps to alter its registered agent or to otherwise insure that service would be forwarded . . . ."). Similarly, KI did not receive actual notice in this case because of its own inaction; it therefore will not be heard to complain that service upon the Louisiana Secretary of State was insufficient to trigger the thirty-day removal period.

Upon the foregoing, KI's notice of removal filed on February 24, 2010 was untimely under 28 U.S.C. 1446(b).[2] Accordingly, Plaintiff's motion to remand (doc. no. 7) is **GRANTED.** The Clerk is directed to **TERMINATE** all pending motions and **REMAND** this case to the Superior Court for Laurens County. Plaintiff's costs and attorney's fees incurred as a result of removal are taxed against Defendant Kitchen International, Inc.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Of note, the Court need not decide if the thirty-day removal period began on November 16, 2009 (the date service was effected upon the Louisiana Secretary of State) or November 24, 2009 (the date that the Louisiana Secretary of State received notice that its service attempt had been refused). Either way, KI's notice of removal filed over 90 days later is untimely.

7